LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
610 South Ninth Street
Las Vegas, Nevada 89101
(702) 386-0536: FAX (702) 386-6812
Email: office@danielmarks.net
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CRISTOBAL RAMOS, | Case No.: |
| Plaintiff, | |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, and JAMES DZURENDA in his Official Capacity as Director of the Nevada Department of Corrections. | **COMPLAINT**<br>**Jury Trial Requested** |
| Defendants. | |

COMES NOW, Plaintiff Cristobal Ramos ("RAMOS") by and through undersigned attorneys Daniel Marks, Esq. and Adam Levine, Esq. of the Law Office of Daniel Marks and for his Causes of Action against Defendant alleges as follows:

**JURISDICTION**

1. At all times material hereto Plaintiff was a resident of Clark County, Nevada;

2. At all times material hereto Defendant Nevada Department of Corrections (hereafter "NDOC") is a department of the State of Nevada.

///

1

3. Pursuant to 28 U.S.C. §1331, the Court has jurisdiction as Plaintiff's claims arise under the Family and Medical Leave Act, 29 U.S.C. §2601 et seq.

4. Defendant James Dzurenda is the Director of the Nevada Department of Corrections and is named in his official capacity for purposes of obtaining injunctive relief pursuant to *Ex parte Young* to the extent that some of Plaintiff's claims involved the self-care provisions of the FMLA as opposed to Plaintiff's other claims involving the family care provisions of the FMLA for which Congress has waived Defendant State of Nevada's Eleventh Amendment immunity.

5. NDOC is an employer within the meaning of 29 U.S.C. §2611(4).

6. Plaintiff is a member of the classified service of the State of Nevada and employed as a corrections officer with NDOC. Plaintiff is an eligible employee within the meaning of 29 U.S.C. §2611(2).

7. Plaintiff has a father with a serious cardiac condition which requires care by Plaintiff.

8. Plaintiff himself suffers from serious medical problems relating to his lower back and an anxiety disorder.

9. Plaintiff has applied for and has been granted intermittent leave under the FMLA by NDOC for both the care of his father and himself.

10. The leave needed for the care of Plaintiff's father and himself only requires a few hours a week and does not require leave to be taken for an entire day.

11. Employees of the State of Nevada in both the classified and unclassified service accrue hours of sick leave and vacation leave under NRS Chapter 284 in increments of 1 1/4 working days for each month of service.

12. Employees of the State of Nevada may utilize their sick leave and vacation leave in hourly increments.

///

2

13. NDOC requires its employees utilize their accrued sick time and vacation time when taking FMLA leave.

14. 29 CFR §825.205 requires an employer subject to the FMLA to account for leave utilizing increments no greater than the shortest period of time that the employer uses to account for other forms of leave.

15. In violation of 29 CFR §825.205 NDOC has required Plaintiff to utilize his accrued sick time and vacation time in full day increments rather than the mere hours needed for the intermittent FMLA leave.

16. As a direct and proximate result of NDOC's violation of 29 CFR §825.205 Plaintiff has been denied leave he is entitled to under the FMLA, and has further sustained loss of income and benefits when forced to take leave without pay when he should have had available sick time and vacation time to utilize.

17. The actions of NDOC as set forth above interfere, restrain and/or deny Plaintiff's rights in violation of 29 U.S.C. §2615.

WHEREFORE Plaintiff requests judgment as follows:

1. For damages against NDOC for lost pay and benefits and/or up to 12 weeks of pay for the denial of FMLA leave to have been utilized for the care of his father;

2. For an equal sum as liquidated damages pursuant to 29 U.S.C. 2617(a)(1)(A)(iii);

3. For interest on the above-referenced amounts pursuant to 29 U.S.C. 2617(a)(1)(A)(ii);

4. For an injunction to issue requiring NDOC to restore Plaintiff's vacation and sick banks to what they would have been but for the violations of 29 CFR §825.205;

5. For an injunction to issue against Defendant Dzurenda in his official capacity as Director prohibiting any further violations of 29 CFR §825.205;

///

6. For attorney's fees and litigation costs incurred;

7. And for such other and further relief as the Court deems just and proper.

DATED this 13th day of November, 2017.

                    LAW OFFICE OF DANIEL MARKS

                    /s/ Daniel Marks        .
                  DANIEL MARKS, ESQ.
                  Nevada State Bar No. 002003
                  ADAM LEVINE, ESQ.
                  Nevada State Bar No. 004673
                  610 South Ninth Street
                  Las Vegas, Nevada 89101
                  (702) 386-0536: FAX (702) 386-6812
                  Email: office@danielmarks.net
                  *Attorneys for Plaintiff*